UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY TREZZA, and<br>PEGGY TREZZA, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | 4:14CV01282 AGF |
| 84 LUMBER COMPANY, et al., | )<br>) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This case arises out of Plaintiff Anthony Trezza's contraction of lung cancer that he asserts was a result of his exposure to asbestos over a 20 year period in different locations across the country. Defendants are all allegedly companies that have manufactured, distributed, and/or sold asbestos or asbestos products to which Anthony Trezza was exposed. Several Defendants have now filed motions to transfer this case to a different venue. For the reasons set forth below, the Court agrees that the case should be transferred.

# BACKGROUND

Plaintiffs initiated this action on May 19, 2014, in Missouri state court. The complaint names 45 Defendants, of which Plaintiffs allege ten are Missouri corporations, 34 are "foreign corporations" doing business in Missouri, and one is a "foreign limited liability company" doing business in Missouri. Three of the Missouri corporate

Defendants and two of the foreign corporate Defendants have since been dismissed from the action.

Plaintiffs allege that Anthony Trezza contracted lung cancer as a result of exposure to asbestos-containing products while working for multiple employers in multiple locations across the country between 1952 and 1972 as follows: in Marshall, North Carolina, from 1952 to 1958, and again from 1970 to 1974; at the Philadelphia Naval Ship Yard in Pennsylvania from 1959 to 1962; in Florida from 1970 to 1974; in New York from 1962 to 1966; and in "various states" for the United States Navy from 1953 to 1963. Plaintiffs (Anthony Trezza and his wife Peggy Trezza) both currently reside in Marshall, North Carolina. On July 21, 2014, one Defendant removed the case to this Court based upon federal officer jurisdiction pursuant to 28 U.S.C. §§ 1442(a)(1) & 1446. Several Defendants now move to transfer this case to a different venue, without specifying a more appropriate one.

## DISCUSSION

Venue is a matter of procedure, and, as such, governed by federal law. *Benge v. Software Galeria, Inc.*, 608 F. Supp. 601, 606 (E.D. Mo. 1985) (citation omitted). Title 28 U.S.C. § 1404(a) provides: "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

"The statutory language reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l, Inc. v. Miss.*

2

*Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997) (citation omitted). Section 1404(a) places "discretion in the district court to adjudicate motions for transfer" on an "individualized, case-by-case" basis. *Stewart Org., Inc. v. Rioch Corp.*, 487 U.S. 22, 29 (1988) (citation omitted). "A plaintiff's choice of forum is entitled to little deference when "(1) [the] plaintiff does not reside in the selected forum . . . or (2) the transaction or underlying facts did not occur in the chosen forum." *Blessing v. Union Pac. R. Co.*, No. 4:14CV3023, 2014 WL 2515192, at *3 (D. Neb. June 4, 2014) (citation omitted); *see also Express Scripts, Inc. v. Jefferson Health Sys. Inc.*, No. 4:13CV00379 AGF, 2014 WL 793773, at *3 (E.D. Mo. Feb. 27, 2014); *Textron Fin. Corp. v. KrystalKoach, Inc.*, No. 4:10CV305 MLM, 2010 WL 2132662, at *4-5 (E.D. Mo. May 26, 2010); *Biometrics, LLC v. New Womyn, Inc.*, 112 F. Supp. 2d 869, 875 (E.D. Mo. 2000).

Here, the connection between the facts of the case and this District is tangential at best. Plaintiffs do not now reside in the State of Missouri, nor do they assert that they ever have. Moreover, none of the alleged exposure occurred within Missouri. Indeed, it appears that the only connections between this case and Missouri are that certain Defendants are Missouri corporations, and that Plaintiffs' counsel are located in Illinois near its border with Missouri.

As noted above, Plaintiffs reside in North Carolina and approximately half of the asbestos exposure occurred in that state. Employment and medical records of Anthony Trezza are likely to be in North Carolina, and many of the foreseeable witnesses such as Trezza's doctor and several of his past employers are likely located there as well. As much of the exposure allegedly occurred to a North Carolina resident within North

Carolina, the interests of justice would appear to favor transferring this action to a federal court which sits in that state. Marshall, North Carolina, where Plaintiffs live and Anthony Trezza worked, is in the Western District of North Carolina. The fact that seven of the remaining Defendants are allegedly Missouri corporations does not outweigh these considerations. While Missouri is almost certainly a more convenient forum for Plaintiffs' counsel, convenience of the plaintiffs' counsel is not a factor to be considered in deciding the propriety of a transfer of venue. *See, e.g.*, *Shaffer v. Rees Masilionis Turley Architecture, LLC*, No. 4:14–CV–965 CEJ, 2014 WL 5320266, at *2 (E.D. Mo. Oct. 17, 2014); *Express Scripts,* 2014 WL 793773, at *3; *Biometrics*, 112 F. Supp. 2d at 876.

The Court is aware that a case may only be transferred to another district where the case might have been brought. The Court assumes, but does not know with certainty, that the case might have been brought in the Western District of North Carolina, pursuant to 28 U.S.C. § 1391(b)(1) or (2). Because Plaintiffs chose a Missouri forum, the complaint only notes the citizenship of the Missouri Defendants. Thus the Court will give the parties an opportunity to show cause why the Western District of North Carolina would not be an appropriate transferee forum.

## **CONCLUSION**

The Court concludes that this case should be transferred to a different venue pursuant to 28 U.S.C. § 1441(a). It is the belief of the Court, based on the record before it, that the District Court for the Western District of North Carolina would be the most

4

appropriate venue. However, the Court will offer the parties the opportunity to show that another venue would be more appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that the parties shall have seven days from the date of this Memorandum and Order, to and including **February 12, 2015** to file memoranda showing cause why the action should not be transferred to North Carolina, or proposing a venue other than the Western District of North Carolina.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of February, 2015