UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY TREZZA, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:14CV01282 AGF |
| | ) |
| 84 LUMBER CO., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion to remand this case to Missouri state court. Plaintiffs initially filed this action in the Circuit Court of St. Louis County, Missouri, asserting that Plaintiff Anthony Trezza has contracted lung cancer as a result of his exposure to asbestos over a 20 year period in different locations across the country. The complaint named 45 Defendants, all companies that allegedly manufactured, distributed, and/or sold asbestos or asbestos products to which Anthony Trezza was exposed.

Defendant Crane Co. removed the action to this Court on July 21, 2014, asserting federal officer jurisdiction pursuant to 28 U.S.C. §§ 1442(a)(1) & 1446, which allows removal when a defendant is sued for acts undertaken at the direction of a federal officer. No party has identified a ground for removal other than the federal officer removal statute, which to the Court's knowledge, applies only to Crane Co. On February 12, 2015, the Court granted Plaintiffs' and Crane Co.'s consent motion to dismiss the case against Crane Co. with prejudice.

In support of the motion to remand, Plaintiffs assert that Crane Co.'s desire for a federal forum in this case is now moot, and that this Court lacks subject matter jurisdiction over the case. The time granted for parties to respond to Plaintiffs' motion to remand has expired and no response opposing the motion has been filed.

District courts should consider principles of "comity, federalism, judicial economy, and fairness to litigants" when considering whether to continue to exercise jurisdiction over supplemental state claims after the federal anchor claim is dismissed. *Gurnett v. AO Smith Corp.*, No. 13–cv–1206–SCW, 2014 WL 1320670, at *2 (S.D. Ill. Apr. 2, 2014) (citation omitted). Generally, courts that have considered this issue have found it appropriate to remand the supplemental claims to state court. *Id.* (citing 28 U.S.C. § 1367(c)(3)). Federal courts are to "resolve all doubts about federal jurisdiction in favor of remand." *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007) (citation omitted).

The Court agrees with Plaintiffs that the original cause for removal is now moot. Judicial economy and fairness both weigh against this Court continuing to exercise jurisdiction in this matter. As no other Defendants have asserted the federal officer removal statute, and as the basis for Plaintiffs' claims remains state law, Defendants will not be prejudiced by having the state law claims against them tried in state court. Indeed, no Defendants have responded to the motion to remand. Given these considerations and the nature and posture of this case, the Court will grant Plaintiffs' motion. *See Gurnett*, 2014 WL 1320670, at *2-3 ("In particular, there is a preference towards remand in asbestos cases where one defendant out of many removes to federal court based on a

federal defense."); *Kirschner v. Aerco Int'l, Inc.*, No. 13–cv–1207–SCW, 2014 WL 51860, at *3 (S.D. Ill. Jan. 6, 2014) (remanding an asbestos case against multiple defendants to state court where the only federal officer defendant was dismissed).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to remand is **GRANTED**. (Doc. No. 220.) The case is **REMANDED** to the Twenty-Second Judicial Circuit Court for the State of Missouri, in which it was filed.

**IT IS FURTHER ORDERED** that all pending motions filed in this case after it was removed to this Court are **DENIED without prejudice, as moot.** (Doc. Nos. 12, 13, 19, 28, 29, 30, 32, 33, 160, & 190.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 24th day of February, 2015.